UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEIA BURKS, individually and on behalf of other similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) BI-STATE DEVELOPMENT AGENCY ) OF THE MISSOURI-ILLINOIS METRO- ) POLITAN DISTRICT, d/b/a, "METRO ) CALL-A-RIDE" and ) S.M. HUBER ENTERPRISES, ) INC., d/b/a, "ABOVE ALL PERSONNEL" ) ) Defendants. ) | Case No. 4:09CV1302MLM |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss or, in the alternative, For Summary Judgment on Counts III, IV, and V, filed by Defendant S.M. Huber Enterprises, Inc., d/b/a "Above All Personnel" ("Above All"). Doc. 25. Plaintiff Meia Burks ("Plaintiff") filed a Response. Doc. 28. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 16.

### LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp.

v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent that it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in a broader context.

**SUMMARY JUDGMENT STANDARD**

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function

is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Above All's motion.

**BACKGROUND**

In her Amended Complaint, Plaintiff alleges that Above All and Bi-State Development Agency of the Missouri-Illinois Metropolitan District, d/b/a "Metro Call-A-Ride" (jointly, "Defendants") employ workers to staff customer service telephone lines at a call center in St. Louis, Missouri; that, during relevant times preceding Plaintiff's action, Defendant Missouri-Illinois Metropolitan District, d/b/a "Metro Call-A-Ride" ("Metro") required these employees to log into various computer applications to be ready to begin taking calls before the beginning of their paid shifts; that Metro required these employees to log out of computer applications after the completion of their paid shifts; that Metro required these employees to proofread reports before and after their paid shifts and during unpaid lunch breaks; that Metro required these employees to undergo job training outside of paid working hours; that Metro required these employees to complete customer service calls after the conclusion of their paid shifts; that these actions were performed for the primary benefit of Defendants; and that, as such, Defendants received unpaid labor from their employees each and every day.

Above All and Metro are joint employers under the FLSA and Missouri law. Above All employees assigned to perform services at the call center perform all work under the supervision of Metro employees. Above All does not have a supervisor or manager present while the employees at issue are performing work at the call center. Huber Aff., ¶ ¶ 4-6. The employees at issue submit their time cards to Above All, after they are signed by supervisors who are Metro employees. Above

4

All uses the time cards to prepare payroll checks. Above All invoices Metro for employees' services based on the hours on the time cards and "the hourly rates agreed upon with Metro under a 'cost-plus' or 'pass-through' billing arrangement." Huber Aff., ¶¶ 6-8.

In her cause of action, Plaintiff seeks to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Missouri law. Plaintiff brings Count I as a collective action, pursuant to 29 U.S.C. § 216(b), and seeks to bring Counts II-V of her Complaint as class actions, pursuant to Mo. Rev. Stat. §§ 290.500 et seq. and Fed. R. Civ. P. 23. Plaintiff brings her actions on behalf of herself and all other similarly situated employees employed on an hourly basis at Metro's call center in St. Louis, Missouri, within the last five years. Specifically, in Count I, Plaintiff seeks to recover from Defendants based on their alleged violations of the FLSA, and, in Count II, Plaintiff seeks to recover from Defendants based on their alleged violations of Missouri's Wage and Hour Laws, Mo. Rev. Stat. §§ 290.500 et seq. In Counts III, IV, and V, Plaintiff seeks to recover only from Above All. In Count III, Plaintiff alleges Breach of Contract; in Count IV, she alleges Quantum Meruit; and in Count V, she alleges Unjust Enrichment.

In the pending Motion, Above All contends that Counts III, IV, and V of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In support of this position, Above All argues that Plaintiff's claims in Counts III, IV, and V are barred by Mo. Rev. Stat. § 432.070, which requires governmental entities to execute proper written contracts; that Plaintiff's claims in Counts III, IV, and V are based on oral contracts; and that, therefore, Plaintiff cannot recover against Above All as alleged in these Counts. Alternatively, Above All argues that summary judgment should be granted in its favor in regard to Counts III, IV, and V because, as a matter of law, Plaintiff cannot prevail on these Counts, based on the applicability of Mo. Rev. Stat. § 432.070. Additionally, Above All argues that Plaintiff has failed to allege the

5

essential elements of Quantum Meruit in Count IV and of Unjust Enrichment in Count V and that, therefore, Counts IV and V should be dismissed.

## DISCUSSION

**A.     Applicability of Mo. Rev. Stat. § 432.070:**

Mo. Rev. Stat. § 432.070 provides:

No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

To be valid, a contract entered into by an entity described in this statute must be for consideration; it must be in writing and dated when made; and it must be subscribed by the parties or their agents authorized by law. City of North Kansas City, Mo. v. Sharp, 414 F.2d 359 (8th Cir. 1969). A contract which fails to comply with the provisions of Mo. Rev. Stat. § 432.070 "is void ab initio, not merely voidable." Kindred v. City of Smithville, 292 S.W.3d 420, 424 (Mo. Ct. App. 2009) (citing Gill Constr., Inc. v. 18th & Vine Auth., 157 S.W.3d 699, 708 (Mo. Ct. App. 2004)).

Above All does not suggest that it is a county, city, town, village, school township, school district or other municipal corporation, as specified by Mo. Rev. Stat. § 432.070. Rather, Above All contends that its alleged liability "arises from 'terms and conditions of employment,'... that were determined by Metro, ... from work requirements that were imposed exclusively by Metro," and "for work that was done solely in furtherance of Metro's core business objective." Doc. 26 at 4. Above All further contends that Plaintiff alleges that Metro and Above All are joint employers and that Plaintiff's proceeding against Above All under such circumstances would "improperly circumvent the requirements of § 432.070." Doc. 26 at 4. Above All also contends that any increase in

6

compensation to the employees at issue would directly increase Metro's expenditures and that § 432.070 is intended to "protect public entities against [] this type of unanticipated liability." Doc. 26 at 6.

In Lackawana Chapter of the Railway & Locomotive History Society, Inc. v. St. Louis County, 497 F.3d 832, 837-38 (8th Cir. 2007), the Eighth Circuit held, however, that Mo. Rev. Stat. § 432.070 does not apply to a contract between private parties, even where a municipality is a successor to the contract. In Casterline v. Stuerman, 588 S.W.2d 86, 88-89 (Mo. Ct. App. 1979), the court refused to apply Mo. Rev. Stat. § 432.070 to an oral contract where municipal officials were sued in their private, individual capacities. The plaintiffs in Casterline alleged that the municipal officials had interfered with the plaintiffs' oral contract with their employer, a municipal corporation. 588 S.W.2d 86. The court further held, in Casterline, that the municipal officials could not benefit from their employer's being "subject to the strictures of § 432.070." Additionally, the Missouri Court of Appeals has held that a private entity that is alleged to be a joint tortfeasor with a municipality is not entitled to the protections of sovereign immunity. See Capell v. Abbick, 123 S.W.3d 193, 195 (Mo. Ct. App. 2003).

Plaintiff seeks to recover, in Counts III, IV, and V, from Above All and not from Metro. Above All argues that it should be entitled to the protection which § 432.070 affords a governmental entity because failure to do so would subject Metro, a governmental entity, to increased expenses. There is no authority for doing so. As such, the court finds without merit Above All's argument that Counts III, IV, and V should be dismissed because the contract upon which Plaintiff's claims are based do not comply with the requirements of Mo. Rev. Stat. § 432.070. See Lackawana, 497 F.3d at 837-38; Casterline, 588 S.W.2d at 88-89.

7

Above All also contends that the undisputed facts and the law establish that summary judgment should be granted in its favor, in regard to Counts III, IV, and V, because the allegations of these Counts are barred by Mo. Rev. Stat. § 432.070. For the reasons stated above in regard to Above All's Motion to Dismiss Count III, IV, and V based on § 432.070, the court finds that Above All's alternative Motion for Summary Judgment should be denied.

**B.      Failure to Allege the Essential Elements of Quantum Meruit, Count IV, and Unjust Enrichment, Count V:**

The elements of a cause of action for quantum meruit are:

> that the plaintiff provided to the defendant materials or services at the defendant's request or with the acquiescence of the defendant, that the materials or services had reasonable value, and that the defendant, despite the demands of the plaintiff, has failed and refused to pay the reasonable value of such materials or services." Olathe Millwork Co. v. Dulin, 189 S.W.3d 199, 206 (Mo. App. W.D.2006). "The principal function of this type of implied contract is the prevention of unjust enrichment, and a claim for quantum meruit does not require the existence of an express agreement between the parties." Bellon Wrecking & Salvage Co. v. Rohlfing, 81 S.W.3d 703, 711 (Mo. App. E.D. 2002).

Lee Deering Elec. Co. v. Pernicoff Const. Co., 247 S.W.3d 577, 582 (Mo. Ct. App. 2008).

The elements of a cause of action for unjust enrichment are that:

> (1) [The plaintiff] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances. Hertz Corp. v. Raks Hospitality, Inc., 196 S.W.3d 536, 543 (Mo. App. E.D. 2006); Graves v. Berkowitz, 15 S.W.3d 59, 61 (Mo. App. W.D. 2000). Even if a benefit is "conferred" and "appreciated," if no injustice results from the defendant's retention of the benefit, then no cause of action for unjust enrichment will lie. White v. Pruiett, 39 S.W.3d 857, 863 (Mo. App. W.D. 2001).

Howard v. Turnbull, __ S.W.3d __, 2010 l 1752182, *3 (Mo. Ct. App., May 4, 2010).

Above All argues that Plaintiff has failed to allege essential elements of causes of action for Quantum Meruit and Unjust Enrichment. In support of this position, Above All argues that "Plaintiff cannot establish the essential element of uncompensated services provided to Above All, because the services would have been provided to Metro and for its sole benefit." Doc. 26 at 2. The issues

8

before the court pursuant to a motion to dismiss are whether a plaintiff has alleged the elements of a cause of action and whether the plaintiff has alleged sufficient facts in support of the cause of action. An "inability to establish" differs from a "failure to allege." The court finds that, for purposes of defeating a motion to dismiss regarding Counts IV and V, Plaintiff sufficiently alleges uncompensated services in the Amended Complaint. See Twombly, 127 S. Ct. at 1964-65. Further, as stated above, the improbability of proof cannot be the basis for a motion to dismiss. Id. at 1965.

Above All also argues, in regard to Quantum Meruit, Count IV, that Plaintiff does not allege facts establishing "services provided to Above All without proper compensation that unjustly enriched Above All" and that Plaintiff does not allege "demand." Doc. 26 at 7-8. To the extent that Plaintiff's original Complaint did not sufficiently allege these elements, the Amended Complaint clearly does so in a manner sufficient to withstand a motion to dismiss. See Doc. 29-2, ¶ 66-67.

In summation, the court finds, in regard to Quantum Meruit, Count IV, and Unjust Enrichment, Count V, that Plaintiff has given Above All fair notice of what her claims are and the grounds upon which they rest and that Plaintiff sufficiently alleges the essential elements of causes of action for Quantum Meruit and Unjust Enrichment. See Twombly, 127 S. Ct. at 1964-65. As such, the court finds that Above All's arguments that Counts IV and V of Plaintiff's Amended Complaint should be dismissed for failure to state a cause of action are without merit. The court further finds, therefore, that the pending Motion should be denied in its entirety.

## CONCLUSION

For the reasons discussed above, the court finds that the arguments made in support of Above All's Motion to Dismiss or, in the alternative, For Summary Judgment on Counts III, IV, and V are without merit and that this Motion should be denied.

Accordingly,

9

**IT IS HEREBY ORDERED** that Above All's Motion to Dismiss or, in the alternative, For Summary Judgment on Counts III, IV, and V is **DENIED**. Doc. 25.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of July, 2010.