UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEIA BURKS, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:09CV1302MLM |
| BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS METROPOLITAN DISTRICT d/b/a "METRO CALL-A-RIDE" and S.M. HUBER ENTERPRISES, INC. d/b/a "ABOVE ALL PERSONNEL," ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

### JOINT MOTION FOR: (1) CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES; (2) PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT, AND (3) APPROVAL OF NOTICE TO THE CLASS MEMBERS

Plaintiff Meia Burks, on behalf of herself and all others similarly situated ("Plaintiff"), through her attorneys ("Class Counsel"), and Defendants The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a "Metro" and S.M. Huber Enterprises, Inc. d/b/a "Above All Personnel" (collectively, the "Defendants") through their attorneys, for their Joint Motion for (1) Certification of a Class for Settlement Purposes; (2) Preliminary Approval of the Class Action Settlement Agreement; and (3) Approval of Notice to the Class Members, state as follows:

1.    Plaintiff filed this lawsuit against Defendants alleging that she and others similarly situated had been employed by Metro and/or Above All Personnel as non-exempt Reservation Clerks and Dispatchers at Metro's Call-A-Ride Facility and had been required to

perform certain preliminary and postliminary duties and perform duties during unpaid lunch breaks for which wages were not paid and for which Plaintiff contends she and others were entitled to receive overtime compensation pursuant to the Fair Labor Standards Act, the Missouri Wage Payments Laws and certain contract and quasi-contract legal theories.

2. Defendants deny liability under Plaintiff's claims as asserted in this lawsuit.

3. Plaintiff and Defendants have resolved their differences by negotiating a settlement which embodies a reasonable compromise that is fair to both the putative Class Members and Defendants and is in the best interests of the putative Class Members. The Class Action Settlement Agreement, a copy of which is attached hereto as Exhibit A, is the result of arduous arm's-length bargaining between Plaintiff and Defendants. This Agreement reflects a desire by both Plaintiff and Defendants to fully and finally settle and compromise any and all claims and issues of law or fact that were raised or could have been raised in this lawsuit in an expeditious manner.

4. Solely for purposes of settlement of all of the claims asserted by Plaintiff in the Complaint, the parties acknowledge that certification of a class consisting of all individuals employed by Metro and/or Above All Personnel as Reservation Clerks or Dispatchers at Metro's Call-A-Ride Facility at any time between August 13, 2007, which is the date that is two years before Plaintiff filed this lawsuit, and June 4, 2010, which is the last day before Defendant Metro changed its pay practices, is a proper and appropriate class under Rule 23 of the Federal Rules of Civil Procedure. The Parties note that the class action under Count I of the Complaint is not controlled by Fed. R. Civ. P. 23, but that the class identified herein is reasonably believed to include all class plaintiffs who opted-in to this lawsuit under Count I of the Complaint.

5. The Settlement meets the criteria for approval of class action settlements, and therefore preliminary approval at this time is appropriate. To proceed with the settlement process, the Parties respectfully request that the Court:

a. Certify a settlement class which shall consist of all individuals who were employed by Metro and/or Above All Personnel as non-exempt Reservation Clerks and/or Dispatchers at Metro's Call-A-Ride Facility at any time during the period from August 13, 2007, through June 4, 2010.

b. Grant preliminary approval of the Class Action Settlement Agreement; and

c. Approve the Notice of Settlement of Class and Collective Action Wage and Hour Claims and Hearing.

6. The Class Action Settlement Agreement, which has been signed by Plaintiff and Defendants, sets out the details of Plaintiff's allegations and the terms of settlement.

7. On September 17, 2010, following a full day of mediation before Richard Sher, the Parties reached an agreement to settle this lawsuit, subject to this Court's preliminary and final approval. The terms of the settlement are fair and well within the range of reasonableness for class and collective action settlements of this kind.

8. The Class Action Settlement Agreement provides that, if approved, Defendants will pay up to $175,000 in settlement of the Class Members' claims (the "Gross Settlement Amount"). The Gross Settlement Amount is designed to cover all payments to class members, as well as Class Counsel's attorneys' fees, costs, and expenses, and an enhancement payment to the named Plaintiff who took the risk in bringing this lawsuit, took a lead role in it, and assisted in its resolution. Any amounts not required to be paid to Class Members upon final calculation

3

of the settlement payments or not claimed by Class Members upon issuance of the settlement payments shall be retained by or returned to Metro.

9. The Class Action Settlement Agreement provides that the Class Counsel shall send a Class Notice by first class mail to each individual who is a Class Member. A true and accurate copy of the proposed Class Notice is attached to the Class Action Settlement Agreement as Exhibit 2. Settlement Payments shall be issued to all Class Members who do not return a valid and timely opt-out request. Those individuals who become entitled to receive a payment are referred to as "Claimants."

10. Each Claimant shall receive a Settlement Payment in accordance with the following:

   a. For each weekday that a Claimant who was employed as a Reservation Clerk worked at Metro in such capacity during the Class Period, such Claimant will receive credit for 0.25 hours of additional work.

   b. For each weekday that a Claimant who was employed as a Dispatcher worked at Metro in the Reservation Center during the Class Period, such Claimant will receive credit for 0.25 hours of additional work.

   c. For each weekday that a Claimant who was employed as a Dispatcher worked at Metro in the Dispatch area, as opposed to the Reservation Center, during the Class Period, such Claimant will receive credit for 0.1498 hours of additional work.

   d. For each weekend day that a Claimant who was employed as a Reservation Clerk worked at Metro in such capacity during the Class Period, such Claimant will receive credit for 0.18 hours of additional work.

e.  For each weekend day that a Claimant who was employed as a Dispatcher worked at Metro during the Class Period, such Claimant will receive credit for 0.10 hours of additional work.

Provided, however, that a Claimant shall only receive payment of settlement proceeds for full workweeks (defined as all workweeks excluding an employee's first and last workweek when the employee works less than five days during either of those weeks) where Claimant worked at least 39 hours during such work week exclusive of the additional time referenced above. Except, that no Claimant shall be deemed to have worked less than 39 hours per week for more than 35% of the full workweeks that such Claimant worked at Metro. Thus, (i) if a Claimant worked as a Reservation Clerk at Metro during one hundred full workweeks during the Class Period, but did not work 39 or more hours per week during fifty of those weeks, such Claimant will still be paid a settlement amount based on the credit he or she receives as stated above for the days actually worked during 65 of the weeks worked, and (ii) if a Claimant worked as a Reservation Clerk at Metro during one hundred full workweeks during the Class Period, but did not work 39 or more hours per week during only 20 of those weeks, such Claimant will be paid a settlement amount based on the credit he or she receives as stated above for the days actually worked during the 80 weeks that such Claimant actually worked at least 39 hours per work week. The settlement payments will be based on overtime pay (1.5 times an employee's regular pay rate) calculated using regular pay rates of $12.00 per hour for Reservation Clerks and $17.80 per hour for Dispatchers. The Parties will file with the Court at least fourteen days before the hearing for final approval of the settlement a spreadsheet titled "Claimants' Damages" that will identify the settlement amounts to be received by each Claimant who does not opt-out of this settlement. The spreadsheet will state the amount of additional gross wages to be paid per the Agreement, an

5

equal amount of liquidated damages, and that employee's pro rata share of attorney's fees and costs awarded, unless that employee opts out of the settlement in accordance with the Agreement or his or her share is adjusted as set forth in the Agreement.

11. There are 102 total putative Class Members. To the extent the total value of the claims would otherwise increase Defendants' total liability over $175,000.00, each Claimant's payment will be proportionately reduced because Defendants shall not pay more than $175,000.00. Upon final approval, Metro will ensure distribution of the settlement funds to the Claimants.

12. The settlement provides for a $5,000.00 enhancement payment to the named Plaintiff. The Parties agree that such payment is fair and reasonable because she undertook the risk in bringing this lawsuit, took a lead role in it, and assisted in its resolution.

13. Class Counsel is of the opinion that the Class Action Settlement Agreement is fair, reasonable, adequate, and is in the best interest of the Class, in light of all known facts and circumstances, including the significant risks and delays of litigation that are presented by the defenses and potential appellate issues Defendants may assert. Potashnick Decl., Ex. B, ¶ 3. Class Counsel has fully advised Plaintiff of the Class Action Settlement Agreement, and she approves of and consents to the settlement. *Id.* at ¶ 4.

14. Defendants, in turn, have denied and continue to deny the claims asserted in this action. Defendants have asserted and continue to assert defenses to this action and have expressly denied and continue to deny any wrongdoing or legal liability arising out of the action. Neither the Class Action Settlement Agreement nor any action taken to carry out the Class Action Settlement Agreement is or may be construed as an admission, concession, or indication that Defendants or anyone else committed any wrongdoing whatsoever.

6

15. The Parties now desire fully, finally, and forever to settle, compromise, and discharge all individual and class wage and hour claims that were asserted or could have been asserted in this and the related actions.

16. The Parties contemporaneously file their Memorandum in Support of this Joint Motion.

17. The Court previously scheduled a conference at 9:30 a.m. on Thursday, October 28, 2010 at which the Parties desire to discuss the Court's preliminary approval of the settlement terms.

18. The Court previously scheduled a final fairness hearing at 9:30 a.m. on Monday, January 31, 2011.

WHEREFORE, Plaintiff and Defendants pray this Court for its Order certifying of the class as identified above solely for settlement purposes, granting preliminary approval of the Class Action Settlement Agreement attached hereto, approving the form and content of the Notice of Settlement of Class and Collective Action Wage and Hour Claims and Hearing attached hereto, directing Class Counsel to mail such Notice to all Class Members, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

| /s/ Mark Potashnick | /s/ James C. Hetlage |
|---|---|
| Mark Potashnick, #35970 | James C. Hetlage, #3391 |
| Weinhaus &Potashnick | Lashly & Baer, P.C. |
| 11500 Olive Blvd., Suite 133 | 714 Locust Street |
| St. Louis, MO 63141 | St. Louis, MO 63101 |
| (314) 997-9150 ext. 2 | (314) 621-2939 |
| | |
| Class Counsel | Attorneys for Defendant Metro |

Lashly & Baer, P.C. - 00397431

/s/ Michael F. Harris
Michael F. Harris,              #3330
Harris, Dowell, Fisher & Harris, LC
15400 S. Outer Forty Dr., Suite 202
Chesterfield, MO 63017
(636) 532-0300

Attorneys for Defendant Above All Personnel